1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6

7   JAMES HA,

8          Plaintiff,                          No. C 11-80021 MISC PJH

9   v.                                         **ORDER DISMISSING COMPLAINT
                                               AND DENYING REQUEST TO**
10  JUSTINE TSENG, et al.,                     **PROCEED IN FORMA PAUPERIS**

11         Defendants.
    _____/
12

13          Plaintiff James Ha ("plaintiff")[1] filed the instant complaint on January 31, 2011, along

14  with an application to proceed in forma pauperis.  Plaintiff further supplemented his filings

15  with a letter to clerk dated February 7, 2011.  Because the court finds that the complaint

16  must be dismissed under 28 U.S.C. § 1915(e)(2), the request for leave to proceed in forma

17  pauperis is DENIED.

18          Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the

19  commencement . . . of any suit . . . without prepayment of fees and costs or security

20  therefor, by a person who makes affidavit that he is unable to pay such costs or give

21  security therefor."  In reviewing an application to proceed in forma pauperis, the court may

22  dismiss a case sua sponte if the court determines that the party applying for in forma

23  pauperis status has filed a frivolous action. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona,

24  885 F.2d 639, 640 (9th Cir. 1989).  For purposes of 28 U.S.C. § 1915, a frivolous claim is

25  one that lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319,

26  325, 109 S. Ct. 1827, 1831-32 (1989).  Dismissal on these grounds is often made sua

27  _____

28          [1]     It appears that plaintiff has filed the instant complaint under the name of James
    Ha, although plaintiff's corresponding IFP request – as well as other filings in this district –
    reflect that plaintiff is also known as, and proceeds under the name of, Hung Ha.

United States District Court

For the Northern District of California

1   sponte prior to the issuance of process, so as to spare prospective defendants the

2   inconvenience and expense of answering such complaints.  Id., 490 U.S. at 324, 109 S. Ct.

3   at 1831.  Where a litigant is acting pro se and the court finds the litigant's complaint

4   frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant

5   notice of the deficiencies of the complaint and an opportunity to amend before final

6   dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be

7   cured by amendment.  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Eldridge v.

8   Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

9          Preliminarily, the gravamen of plaintiff's complaint is extremely difficult to discern.

10   Plaintiff's allegations appear to be rooted in difficulties he encountered as a tenant and

11   leaseholder in a Berkeley, CA apartment prior to February 2000.  See Complaint, ¶ 1.

12   Plaintiff appears to allege that defendant Justine Tseng ("Tseng") was a co-leaseholder of

13   plaintiff's, and initiated several unlawful detainer actions in state court against plaintiff in

14   1999.  See id., ¶¶ 2, 4-7.  Tseng was allegedly represented by defendant Robert L. de

15   Smet ("Smet") in those actions.  In connection with one of those actions, plaintiff alleges

16   that the state court initially granted summary judgment in his favor, but that subsequently

17   and upon motion by Smet, the grant of summary judgment was improperly and unlawfully

18   "corrected" pursuant to California Code of Civil Procedure § 473.  Complaint, ¶¶ 9-10.  As a

19   result, plaintiff asserts two claims against defendants Tseng, Smet, and Jon Rolefson

20   (whose role is not specifically alleged in plaintiff's complaint): (1) violation of 14th

21   Amendment due process and/or equal protection rights pursuant to 42 U.S.C. § 1983; and

22   (2) a claim for "mandatory duty on" the state court judge or clerk "to issue final judgment

23   upon the valid order" granting plaintiff's motion for summary judgment in 1999.  See id., ¶.

24   2, 7.

25          As to the merits of these claims, the court is unable to discern a viable legal basis

26   upon which plaintiff's claims may proceed.  To begin with, plaintiff's section 1983 claim is

27   time-barred.  Plaintiff alleges that the underlying unlawful detainer action, and the allegedly

28

2

United States District Court

For the Northern District of California

1    unlawful "correction" of the original order granting summary judgment to plaintiff, occurred

2    in 1999, resulting in plaintiff's eviction on January 23, 2000.  The statute of limitations on a

3    section 1983 claim is two years, however, making the instant action – filed on January 31 –

4    more than nine years too late.  See, e.g., Wilson v. Garcia, 471 U.S. 261 (1985)(forum

5    state's statute of limitations for personal injury torts sets forth appropriate period for

6    determining statute of limitations under sections 1983 and 1985), superseded by statute on

7    other grounds, as stated in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004);

8    Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 711 (9th Cir. 1993); see also Cal. Civ.

9    Proc. Code § 335.1 (establishing two year limitation for the filing of civil claims alleging

10   personal injury).  Nor has plaintiff alleged any form of equitable tolling that would otherwise

11   operate to toll the limitations period for such a significant period of time.  Thus, the section

12   1983 claim must be dismissed.

13        As for plaintiff's second cause of action, it is not recognizable as an actionable claim.

14   Plaintiff cites no authority – statutory or otherwise – that would affirmatively authorize a

15   claim for "mandatory duty" on a state court clerk or trial judge.  Nor is it conceivable that

16   any such claim exists.  This court's jurisdiction must be premised on the existence of

17   properly alleged diversity jurisdiction between citizens, or federal question jurisdiction.

18   Neither is alleged as part of plaintiff's ambiguous second claim.  Furthermore, there is no

19   legal theory alleged by plaintiff upon which this federal court might presume to exercise its

20   authority over a state court.

21        Indeed, the court notes that the entirety of plaintiff's complaint appears to be beyond

22   the scope of this court's jurisdiction, since plaintiff's allegations all stem from his

23   displeasure with, and desire to re-litigate, an unlawful detainer claim filed in state court

24   more than 10 years ago.  Unlawful detainer actions are exclusively within the subject matter

25   jurisdiction of state courts.

26        For the foregoing reasons, plaintiff has failed to set forth "a short and plain statement

27   of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the

28

Federal Rules of Civil Procedure.  Accordingly, pursuant to its authority under 28 U.S.C. § 1915(e)(2), the court hereby DISMISSES plaintiff's complaint.  Because any amendment will be futile in light of the foregoing reasoning, the dismissal is with prejudice.  Plaintiff's request to proceed in forma pauperis is DENIED.

This order also constitutes a pre-filing review of plaintiff's complaint, as mandated in accordance with plaintiff's adjudged status as a vexatious litigant for purposes of actions filed in this district.  See Ha v. U.S. Attorney General, et al., C 09-5281 JL.

**IT IS SO ORDERED.**

Dated: February 18, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court

For the Northern District of California

4