UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES HA,

    Plaintiff,

    v.

JUSTINE TSENG, et al.,

    Defendants.

_____/

No. C 11-80021 MISC PJH

**ORDER DENYING MOTION FOR RECONSIDERATION**

    Before this court is pro per plaintiff James Ha's motion for reconsideration of the court's February 18, 2011 order dismissing his case.

    Plaintiff's motion is procedurally improper in the first instance. Civil Local Rule 7-9 requires plaintiff to obtain leave of court before filing a motion for reconsideration. Plaintiff made no such request prior to filing his motion for reconsideration. Thus, denial of plaintiff's motion on this procedural ground would normally be warranted.

    Even construing plaintiff's motion as properly before the court, however, the court nonetheless determines that denial of plaintiff's motion on the merits is appropriate. For reconsideration to be warranted – pursuant to either Federal Rule of Civil Procedure Rule 59(e) or Rule 60(b) – a plaintiff must demonstrate: a material difference in fact or law from that which was previously presented to the court; the emergence of new material facts or a change in law; or a manifest failure of the Court to consider material facts or dispositive legal arguments. Civ. L. R. 7-11(b); <u>see also</u> Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2010), § 14:361.1. No such showing is presented here.

    Plaintiff's papers – from which it is difficult to clearly discern a coherent argument – present the following arguments in favor of reconsideration: (1) 28 U.S.C. § 1915 is not

applicable to "law-abiding, tax-paying" citizens and if so, is unconstitutional; (2) the definition of "frivolous" pursuant to section 1915 and as applied to plaintiff's claims, is unconstitutional; (3) the court failed to understand the nature of plaintiff's complaint, and did not give plaintiff an adequate opportunity to explain his complaint prior to ruling on it; (4) the order should be vacated on grounds that the undersigned assumed the role of "defense attorney," and acted as in purportedly incompatible roles of judge and advocate; (5) the order incorrectly referenced a prior order by Judge Larson adjudging plaintiff to be a "vexatious litigant;" and (6) the Rooker-Feldman doctrine "does not bar all possible claims." Plaintiff's papers also include several pages of "Notes," from which plaintiff's arguments are nearly impossible to glean. Plaintiff devotes these pages to rambling arguments related to a defense based on statute of limitations; factual assertions regarding the underlying 'eviction' upon which plaintiff's complaint is purportedly based; stated disputes with the wording of the court's prior order; and other incoherent legal arguments.

   With respect to the first, second, and fourth of plaintiffs' arguments – all of which challenge the lawfulness of the court's authority to dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915 – they are insufficient to warrant reconsideration. None of these arguments establishes any material difference in fact or law from that previously presented to the court; constitutes new material facts or a change in law; or identifies a manifest failure of the court to consider material facts or dispositive legal arguments. Moreover, the lawfulness of 28 U.S.C. § 1915, including the court's right to dismiss any claim lacking an arguable basis in either law or fact, has been long-established. See Neitzke v. Williams, 490 U.S. 319, 640-41 (1989).

   Plaintiff's third argument – that the court failed to understand the nature of plaintiff's complaint – is unsupported by any actual attempt to identify the ways in which the court's order exhibits any misunderstanding of the complaint. Plaintiff fails to pinpoint, for example, any "errors" in the court's understanding of the complaint that led to an incorrect decision. Plaintiff merely states that the court should have issued a statement of

2

deficiencies giving plaintiff an opportunity to help the court understand the complaint, or else should have conducted a hearing in order to provide plaintiff with the opportunity to explain his complaint, prior to issuing its order.  Plaintiff does not explain why the court should have provided as much, however, absent any clearly identified misunderstanding of the complaint.  Plaintiff also fails to cite to any legal authority that would have required the court to provide such relief.  Nor could he, in view of the fact that the court's order was premised on a substantive discussion of the causes of action asserted in plaintiff's complaint, and the inherent deficiencies that appeared from the face of the complaint itself.

To the extent plaintiff next asserts that the court's order incorrectly referenced a prior order by Judge Larson adjudging plaintiff to be a "vexatious litigant," the court finds that no error has been demonstrated.  Judge Larson issued an order for pre-filing review on July 29, 2010, in Ha v. U.S. Attorney General, et al., C 09-5281.  That order considered whether plaintiff should be deemed a vexatious litigant, chronicled the history of plaintiff's filings in this court and in state court, and concluded that plaintiff's numerous frivolous filings did, in fact, require pre-filing review of all future pro se filings.  Thus, the court's reference to Judge Larson's order demonstrates no error.  To the extent that plaintiff's reconsideration request seeks to challenge the substance of Judge Larson's order, this is not the appropriate forum for such a challenge.

As for plaintiff's argument that the Rooker-Feldman doctrine does not "bar all possible claims," plaintiff's invocation of this doctrine is nonsensical.  The court did not raise, nor did it consider, the Rooker-Feldman doctrine as a basis for dismissal of plaintiff's claims.  See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)(the Rooker-Feldman doctrine bars federal district courts from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment).  Thus, plaintiff's arguments with respect to the doctrine, as a basis for reconsideration, are inapposite.

Finally, plaintiff's remaining challenges to the actual substance of the court's

February 18 order similarly fail to warrant reconsideration of the order. In the first instance, it is difficult to distill from plaintiff's challenges any coherent argument in favor of reconsideration. Plaintiff merely recites page upon page of disjointed statements of law and fact, with no attempt made to tie these statements to any concrete argument presenting the court with evidence of a material difference in fact or law from that which was previously presented to the court; the emergence of new material facts or a change in law; or a manifest failure of the Court to consider material facts or dispositive legal arguments.

Accordingly, and for all the foregoing reasons, plaintiff's motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: March 16, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge